# IN THE SUPREME COURT OF TEXAS

═══════════

No. 17-0514

═══════════

RODERIC HORTON, PETITIONER,

v.

TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, RESPONDENT

═══════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS

═══════════

**PER CURIAM**

We recently held that, under the Administrative Procedures Act, a party seeking judicial review of an administrative order must first move for rehearing before the administrative law judge, unless another governing statute provides otherwise. *Mosley v. Tex. Health & Hum. Servs. Comm'n*, ___ S.W.3d ___, ___ (Tex. 2019). An agency's affirmative misrepresentation of the proper procedure for judicial review, however, may violate a party's right to due process. *Id.* at ___.

This appeal presents the issues decided in *Mosley*. The court of appeals concluded in this case that the trial court lacked jurisdiction because Horton did not move for rehearing before the administrative law judge, and it rejected Horton's due-process challenge based on the agency's misrepresentation of the proper procedure for judicial review. ___ S.W.3d ___ (Tex. App.—Corpus Christi 2017). We agree that the trial court lacked jurisdiction because Horton did not seek

rehearing of the order he challenges before the administrative law judge. But because, as in *Mosley*, the agency misrepresented the proper procedure for judicial review in a letter to Horton, we hold that Horton was denied due process.

For the reasons expressed in *Mosley*, we grant Horton's petition for review and, without oral argument, reverse in part. *See* TEX. R. APP. P. 59.1. We hold that the government violated Horton's due-course-of-law rights under the Texas Constitution. *See* TEX. CONST. art. I, § 19.[1] Because "the remedy for a denial of due process is due process," *Univ. of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 933 (Tex. 1995), we direct the Department of Family and Protective Services, or its designee, *see* TEX. HUM. RES. CODE § 48.405(a), to reinstate Horton's administrative case and afford him an opportunity to seek rehearing of the order he challenges before the administrative law judge.

**OPINION DELIVERED:** October 25, 2019

---

[1] "While the Texas Constitution is textually different in that it refers to 'due course' rather than 'due process,' we regard these terms as without meaningful distinction" and thus "have traditionally followed contemporary federal due process interpretations of procedural due process issues." *Univ. of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995).

2